UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x

LOU BRANDON and HILLARY WRIGHT,

                                        Plaintiffs,

              -against-                              **ANSWER**

CITY OF NEW YORK, MAYOR DE BLASIO; NEW YORK          22-CV-03137
CITY POLICE DEPARTMENT ("NYPD")
COMMISSIONER DERMOT SHEA; NYPD CHIEF OF             JURY TRIAL DEMANDED
DEPARTMENT TERENCE MONAHAN; NYPD POLICE
OFFICER DAVID JOHNSON, AND NYPD MEMBER
DOES 1-14,

                                        Defendants.
--------------------------------------------------------------------------- X

              Defendants City of New York ("City"), former Mayor Bill de Blasio, former

NYPD Commissioner Dermot Shea, former NYPD Chief of Department Terence Monahan, and

Police Officer David Johnson ("Defendants"), by their attorney, Hon. Sylvia Hinds-Radix,

Corporation Counsel of the City of New York, as and for their answer to the complaint,

respectfully alleges as follows:

              1.      Deny knowledge or information sufficient to form a belief as to the allegations set

forth in paragraph "1."

              2.      Admit only that plaintiff alleges the events described in the complaint.

              3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit

only that the City of New York is a municipal corporation organized under the laws of the State

of New York and that it maintains a police department.

              4.      Deny the allegations in paragraph "4" of the complaint, except admit only that

defendant De Blasio was Mayor of New York City at the time of the incident alleged in the

complaint, that plaintiffs purport to sue him individually and in his official capacity, and

respectfully refer the Court to the cited NYC Charter Section for a true and accurate recitation of the authority of the  Mayor of the City of New York.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit only that defendant Shea was NYPD Commissioner at the time of the incident alleged in the complaint, that plaintiffs purport to sue him individually and in his official capacity, and respectfully refer the Court to the NYC Charter for a true and accurate recitation of the authority of the Police Commissioner of the City of New York.

6.       Deny the allegations set forth in paragraph "6" of the complaint, except admit only that defendant Monahan held that position of Chief of Department at the time of the incident alleged in the complaint, that plaintiffs purport to sue him individually and in his official capacity, and respectfully refer the Court to the NYC Charter and rules and regulations promulgated thereunder for a true and accurate recitation of his responsibilities incident thereto.

7.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" to the extent it refers to unnamed persons except admit only that, on the date of the incident alleged in the compliant, defendants Monahan and Johnson were employed by the City of New York as members of the NYPD.

8.      Admit only that, on the date of the incident alleged in the complaint, PO Johnson was a member of the NYPD Strategic Response Group and his tax id and badge number are as set forth in in paragraph "8" of the complaint.

9.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "9" of the complaint as it refers to unidentified police officers.

10.     The allegations set forth in paragraph "10" of the complaint consists of conclusions of law rather than averments of fact and therefore no response is required.

11.     Object to and deny the embedded assertion that defendants engaged in the acts alleged in the complaint and admit only that the named defendants were employed by the City of New York on the date of the incident alleged in the complaint.

12.     State that the he allegations set forth in paragraph "12" of the complaint consist of conclusions of law rather than averments of fact, to which no response is required except admit only that on the date of the incident alleged in the complaint were employed by the City of New York.

13.     Deny that the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint, except admit that only that plaintiffs purport to proceed as stated therein.

17.     Deny the allegations set forth in paragraph "17" of the complaint, except admit only that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

18.     Deny the allegations set forth in paragraph "18" of the complaint, except admit only that plaintiffs purport to lay venue as stated therein.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except admit only that a document purporting to be a Notice of Claim for plaintiff Brandon was received by the Comptroller of the City of New York.

20.     Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff's Brandon's notice of claim has not be settled or adjusted.

21.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint, except admit that this action was initiated on the date indicated in the docket of this matter.

23.     Admit only that demonstrations occurred in New York City in the last spring/summer of 2020 and respectfully refer the Court to public records concerning the documentation of the events described in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint., except admit that January 18, 2021 was Dr. Martin Luther King Day.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "49" of the complaint except deny that plaintiff Brandon was required to seek medical or psychological treatment as a result of the action of any defendant.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the embedded assertion that the NYPD was "forced" to add to the Patrol Guide the provisions referred to forth in paragraph "57" of the complaint and respectfully refer the Court to the cited Patrol Guide provisions for a true and accurate recitation of their contents.

58.     Deny the allegations set forth in paragraph "58" of the complaint, and respectfully refer the Court to the text of the articles and reports cited for a true and accurate recitation of their  content and context.

59.     Deny the allegations set forth in paragraph "59" of the complaint, and respectfully refer the Court to the text of the articles and reports cited for a true and accurate recitation of their content and context.

60.     Deny the allegations set forth in paragraph "60" of the complaint, and respectfully refer the Court to the text of the articles and reports cited for a true and accurate recitation of their  content and context.

61.     Deny the allegations set forth in paragraph "61" of the complaint, and respectfully refer the Court to the text of the articles and reports cited for a true and accurate recitation of their  content and context.

62.     Deny the allegations set forth in paragraph "62" of the complaint, and respectfully refer the Court to the text of the articles and reports cited for a true and accurate recitation of their  content and context.

63.     Deny the allegations set forth in paragraph "63" of the complaint, and respectfully refer the Court to the text of the cases and reports cited for a true and accurate recitation of their content and context.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint, and respectfully refer the Court to the text of the cited sources for a true and accurate recitation of their content and context.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint, and respectfully refer the Court to the text of the cited sources for a true and accurate recitation of their content and context.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint, and respectfully refer the Court to the text of the article cited for its content and context.

67.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "67" of the complaint as they relate to the purported filing of a lawsuit; deny the remaining allegations set forth in paragraph "67" of the complaint, and respectfully refer the Court to the litigation referenced therein for a true and accurate recitation of the allegations set forth in the complaint therein.

68.     Deny the allegations set forth in paragraph "68" of the complaint, and respectfully refer the Court to the actual settlement agreement referenced therein for a true and accurate recitation thereof.

69.     Deny the allegations set forth in paragraph "69" regarding the allegations set forth in the complaint referenced therein   (noting that the docket number of that complaint is not referenced in the within complaint).

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

72.     Deny the allegations set forth in paragraph "72" of the complaint, and respectfully refer the Court to decision referenced therein for a true and complete recitation of its content and context.

73.     Deny the allegations set forth in paragraph "73" of the complaint.

74.     Deny the allegations set forth in paragraph "74" of the complaint, and respectfully refer the Court to the text of the cited sources for a true and accurate recitation of their content and context.

75.     Deny the allegations set forth in paragraph "75" of the complaint and all its subparts except admit only that the cases cited in there were filed in the Southern District of New York and further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County* , 18-cv-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

76.     Deny the allegations set forth in paragraph "76" of the complaint and all its subparts except admit only that the cases cited therein were filed in the Eastern District of New York and further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County* , 18-cv-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     Deny the allegations set forth in paragraph "78" of the complaint except admit only that a protest occurred in Brooklyn on or about July 12, 2020.

79.     Deny the allegations set forth in paragraph "79" of the complaint except admit only that a protest occurred in Brooklyn on or about July 11, 2020.

80.     Deny the allegations set forth in paragraph "80" of the complaint except admit only that a protests occurred in Brooklyn in October 2020.

81.     Deny the allegations set forth in paragraph "81" of the complaint except admit only that a protest took place on or about October 25, 2020.

82.     Deny the allegations set forth in paragraph "82" of the complaint except admit only that a protest took place on or about November 1, 202 in New York City.

83.     Deny the allegations set forth in paragraph "83" of the complaint except admit only that on or about December 2, 2020 a demonstration took place in Staten Island; deny knowledge or information as to what was "reported" about that event.

84.     Deny the allegations set forth in paragraph "84" of the complaint and all its subparts.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     Deny the allegations set forth in paragraph "86" of the complaint.

87.     Deny the allegations set forth in paragraph "87" of the complaint.

88.     Deny the allegations set forth in paragraph "88" of the complaint.

89.     Deny the allegations set forth in paragraph "89" of the complaint.

90.     Deny the allegations set forth in paragraph "90" of the complaint.

91.     Deny the allegations set forth in paragraph "91" of the complaint.

92.     Deny the allegations set forth in paragraph "92" of the complaint.

93.     Deny the allegations set forth in paragraph "93" of the complaint and its 18 subparts.

94.     Deny the allegations set forth in paragraph "94" of the complaint.

95.     Deny the allegations set forth in paragraph "95" of the complaint.

96.     Deny the allegations set forth in paragraph "96" of the complaint except admit only that the NYPD's has guidelines for disorder control.  .

97.     Deny the allegations set forth in paragraph "97" of the complaint.

98.     Deny the allegations set forth in paragraph "98" of the complaint.

99.     Deny the allegations set forth in paragraph "99" of the complaint and respectfully refer the Court to the cited guidelines for a true and accurate recitation of their content and context.

100.    Deny the allegations set forth in paragraph "100" of the complaint.

101.    Deny the allegations set forth in paragraph "101" of the complaint.

102.    Deny the allegations set forth in paragraph "102" of the complaint.

103.    Deny the allegations set forth in paragraph "103" of the complaint.

104.    Deny the allegations set forth in paragraph "104" of the complaintand its six subparts.

105.    Deny the allegations set forth in paragraph "105" of the complaint.

106.    Deny the allegations set forth in paragraph "106" of the complaint.

107.    Admit only that the New York Attorney General's office issued a report concerning the police response to the May and June demonstrations and respectfully refer the Court to the text of the cited report for a true and accurate recitation of its content and context.

108.    Deny the allegations set forth in paragraph "108" of the complaint, and respectfully refer the Court to the text of the cited report for a true and accurate recitation of its content and context.

109.    Deny the allegations set forth in paragraph "109" of the complaint, and respectfully refer the Court to the text of the cited report for a true and accurate recitation of its content and context.

110.    Admit only that in or about December 20, 202, DOI issued a report concerning police response to the 2020 demonstrations and  respectfully refer the Court to the text of the cited report for a true and accurate recitation of its content and context.

111.    Deny the allegations set forth in paragraph "111" of the complaint, and respectfully refer the Court to the text of the cited report for a true and accurate recitation of its content and context.

112.    Deny the embedded allegations set forth in paragraph "112" of the complaint and respectfully refer the Court to the text of the cited report for a true and accurate recitation of its content and context.

113.    Deny the allegations set forth in paragraph "113" of the complaint, and respectfully refer the Court to the text of the cited report for a true and accurate recitation of its content and context.

114.    Deny the allegations set forth in paragraph "114" of the complaint, and respectfully refer the Court to the text of the cited report for a true and accurate recitation of its content and context.

115.   Deny the allegations set forth in paragraph "115" of the complaint, and respectfully refer the Court to the text of the cited report for a true and accurate recitation of its content and context.

116.   Admit the allegations set forth in paragraph "116" of the complaint only as they pertain to DOI's statement of the number of arrests made between May 28 and June 5, 2020 and respectfully refer the Court to the text of the DOI's report for a true, complete and accurate recitation thereof.

117.   Admit the allegations set forth in paragraph "117" of the complaint only as they pertain to DOI's findings and respectfully refer the Court to the text of DOI's report for a true, complete and accurate recitation thereof.

118.   Deny the allegations set forth in paragraph "118" of the complaint, and respectfully refer the Court to the text of the complaint only as they pertain to DOI's findings and respectfully refer the Court to the text of DOI's report for a true, complete and accurate recitation thereof.

119.   Admit the allegations set forth in paragraph "119" of the complaint only to the extent as to DOI's statement regarding CCRB's reported number of complaints and respectfully refer the Court to the text of DOI's report for a true, complete and accurate recitation thereof.

120.   Deny the allegations set forth in paragraph "120" of the complaint.

121.   Deny the allegations set forth in paragraph "121" of the complaint.

122.   In response to the allegations set forth in paragraph "122" of the complaint defendants repeat and reallege paragraphs "1" through "121" above as if fully and completely set forth herein.

123.   Deny the allegations in paragraph "123" of the Complaint.

124.     Deny the allegations in paragraph "124" of the Complaint.

125.     Deny the allegations in paragraph "125" of the Complaint.

126.     Deny the allegations in paragraph "126" of the Complaint.

127.     Deny the allegations in paragraph "127" of the Complaint.

128.     In response to the allegations set forth in paragraph "128" of the complaint defendants repeat and reallege paragraphs "1" through "127" above as if fully and completely set forth herein.

129.     Deny the allegations in paragraph "129" of the Complaint.

130.     Deny the allegations in paragraph "130" of the Complaint.

131.     Deny the allegations in paragraph "131" of the Complaint.

132.     In response to the allegations set forth in paragraph "132" of the complaint Defendants repeat and reallege paragraphs "1" through "131" above as if fully and completely set forth herein.

133.     Deny the allegations in paragraph "133" of the Complaint.

134.     Deny the allegations in paragraph "134" of the Complaint.

135.     Deny the allegations in paragraph "135" of the Complaint.

136.     Deny the allegations in paragraph "136" of the Complaint.

137.     Deny the allegations in paragraph "137" of the Complaint.

138.     Deny the allegations set forth in paragraph "138" of the complaint.

139.     Deny the allegations set forth in paragraph "139" of the complaint.

140.     Deny the allegations set forth in paragraph "140" of the complaint.

141.     Deny the allegations set forth in paragraph "141" of the complaint.

142.     Deny the allegations set forth in paragraph "142" of the complaint.

143.    Deny the allegations set forth in paragraph "143" of the complaint.

144.    Deny the allegations set forth in paragraph "144" of the complaint.

145.    Deny the allegations set forth in paragraph "145" of the complaint.

146.    Deny the allegations set forth in paragraph "146" of the complaint.

147.    Deny the allegations set forth in paragraph "147" of the complaint.

148.    Deny the allegations set forth in paragraph "148" of the complaint.

149.    In response to the allegations set forth in paragraph "149" of the complaint defendants repeat and reallege paragraphs "1" through "148" above as if fully and completely set forth herein.

150.    Deny the allegations set forth in paragraph "150" of the complaint.

151.    Deny the allegations set forth in paragraph "151" of the complaint.

152.    Deny the allegations set forth in paragraph "152" of the complaint.

153.    Deny the allegations set forth in paragraph "153" of the complaint.

154.    In response to the allegations set forth in paragraph "154" of the complaint defendants repeat and reallege paragraphs "1" through "153" above as if fully and completely set forth herein.

155.    Deny the allegations set forth in paragraph "155" of the complaint.

156.    Deny the allegations set forth in paragraph "156" of the complaint.

157.    Deny the allegations set forth in paragraph "157" of the complaint.

158.    In response to the allegations set forth in paragraph "158" of the complaint defendants repeat and reallege paragraphs "1" through "157" above as if fully and completely set forth herein.

159.    Deny the allegations set forth in paragraph "159" of the complaint.

160.    Deny the allegations set forth in paragraph "160" of the complaint.

161.    In response to the allegations set forth in paragraph "161" of the complaint defendants repeat and reallege paragraphs "1" through "160" above as if fully and completely set forth herein.

162.    Deny the allegations set forth in paragraph "162" of the complaint.

163.    Deny the allegations set forth in paragraph "163" of the complaint.

164.    Deny the allegations set forth in paragraph "164" of the complaint.

165.    In response to the allegations set forth in paragraph "165" of the complaint Defendants repeat and reallege paragraphs "1" through "164" above as if fully and completely set forth herein.

166.    Deny the allegations set forth in paragraph "166" of the complaint.

167.    Deny the allegations set forth in paragraph "167" of the complaint.

168.    Deny the allegations set forth in paragraph "168" of the complaint.

169.    Deny the allegations set forth in paragraph "169" of the complaint.

170.    In response to the allegations set forth in paragraph "170" of the complaint, defendants repeat and reallege paragraphs "1" through "169" above as if fully and completely set forth herein.

171.    Deny the allegations set forth in paragraph "171" of the complaint.

172.    Deny the allegations set forth in paragraph "172" of the complaint.

173.    Deny the allegations set forth in paragraph "173" of the complaint.

174.    Deny the allegations set forth in paragraph "174" of the complaint.

175.    Deny the allegations set forth in paragraph "175" of the complaint.

176.    Deny the allegations set forth in paragraph "176" of the complaint.

177.    Deny the allegations set forth in paragraph "177" of the complaint.

178.    In response to the allegations set forth in paragraph "178" of the complaint, defendants repeat and reallege paragraphs "1" through "177" above as if fully and completely set forth herein.

179.    Deny the allegations set forth in paragraph "179" of the complaint.

180.    Deny the allegations set forth in paragraph "180" of the complaint.

181.    Deny the allegations set forth in paragraph "181" of the complaint.

182.    Deny the allegations set forth in paragraph "182" of the complaint.

183.    Deny the allegations set forth in paragraph "183" of the complaint.

184.    In response to the allegations set forth in paragraph "184" of the complaint, defendants repeat and reallege paragraphs "1" through "183" above as if fully and completely set forth herein.

185.    Deny the allegations set forth in paragraph "185" of the complaint.

186.    Admit only that the New York City Commissioner on Human Rights has a document entitled "Gender Identity/Gender Expression" and respectfully refer the Court to the text thereof for a true, complete, and accurate recitation of its content and context.

187.    Deny the allegations set forth in paragraph "187" of the complaint.

188.    Deny the allegations set forth in paragraph "188" of the complaint.

189.    Deny the allegations set forth in paragraph "189" of the complaint.

190.    Deny the allegations set forth in paragraph "190" of the complaint.

191.    Deny the allegations set forth in paragraph "191" of the complaint.

192.    In response to the allegations set forth in paragraph "192" of the complaint, defendants repeat and reallege paragraphs "1" through "191" above as if fully and completely set forth herein.

193.    Deny the allegations set forth in paragraph "193" of the complaint.

194.    In response to the allegations set forth in paragraph "194" of the complaint, defendants repeat and reallege paragraphs "1" through "193" above as if fully and completely set forth herein.

195.    Deny the allegations set forth in paragraph "195" of the complaint.

196.    Deny the allegations set forth in paragraph "196" of the complaint.

## FIRST AFFIRMATIVE DEFENSE:

197.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

198.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

199.    Plaintiffs failed to mitigate their alleged damages.

## FOURTH AFFIRMATIVE DEFENSE:

200.    To the extent the complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of either or both

plaintiffs; failure to comply, in whole or in part, with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## FIFTH AFFIRMATIVE DEFENSE:

201.    At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

## SIXTH AFFIRMATIVE DEFENSE:

202.    Punitive damages cannot be assessed as against The City of New York.

## SEVENTH AFFIRMATIVE DEFENSE:

203.    The amounts recoverable by plaintiffs may be subject to limitation pursuant to N.Y. General Obligations Law, § 15-108 by reason of a prior settlement between plaintiffs and other person(s), or pursuant to N.Y. C.P.L.R. § 4545 is subject to reduction by collateral sources received by plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE:

Plaintiffs' state law claims may be barred in whole or in part by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE:

204.         At all times relevant to the acts alleged in the complaint, defendants former Mayor Bill de Blasio, former NYPD Police Commissioner Dermot Shea, former NYPD Chief of Department Terence Monahan, and NYPD Police Officer David Johnson acted reasonably in the proper and lawful exercise of their discretion.

## TENTH AFFIRMATIVE DEFENSE:

205.        Defendants former Mayor Bill de Blasio, former NYPD Police Commissioner Dermot Shea, former NYPD Chief of Department Terence Monahan, and NYPD Police Officer David Johnson have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and are therefore protected by qualified immunity.

### ELEVENTH AFFIRMATIVE DEFENSE:

206.        Defendants former Mayor Bill de Blasio, former NYPD Police Commissioner Dermot Shea, and former NYPD Chief of Department Terence Monahan, had no personal involvement in the incidents alleged in the complaint.

207.        ### TWELFTH AFFIRMATIVE DEFENSE

208.        Defendant PO David Johnson had no personal involvement in one or more of the incidents alleged in the complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE:

209.        There was probable cause for each of plaintiffs' arrest, detention, and prosecution.

### FOURTEENTH AFFIRMATIVE DEFENSE:

210.        This action may be barred, in whole or in part, by settlement and/or release.

**WHEREFORE,** Defendants former Mayor Bill de Blasio, former NYPD Police Commissioner Dermot Shea, former NYPD Chief of Department Terence Monahan, and NYPD Police Officer David Johnson request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:         New York, New York
               August 15, 2022




                                    HON. SYLVIA O. HINDS-RADIX
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 3-146
                                    New York, New York 10007
                                    (212) 356-2687

                                    By:      /s/ *Steve Stavridis*
                                          _____
                                          Steve Stavridis
                                          Senior Counsel

cc:      All Counsel (By ECF)